IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NINJA HASSAN WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-084 |
| | ) | |
| EDWARD PHILBIN, Warden, Individual | ) | |
| and Official Capacity; and MICHAEL | ) | |
| ALLEN, C.O. II, Individual and Official | ) | |
| Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Augusta State Medical Prison (ASMP) in Grovetown, Georgia, is proceeding *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis*, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.      **BACKGROUND**

Plaintiff names (1) ASMP Warden Edward Philbin and (2) Correctional Officer Michael Allen as Defendants. (Doc. no. 10, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 28, 2018, Plaintiff was incarcerated in segregation housing unit 12-A-1 at ASMP. (Id. at 2.) Officer Allen handcuffed Plaintiff before leading him toward the showers. (Id.) While Plaintiff and Officer Allen were on the way to the showers, two inmates, who were not escorted by prison guards or wearing restraints, exited their nearby cell and approached Plaintiff and Officer Allen. (Id.) Officer Allen abandoned Plaintiff, who was still handcuffed, and another officer had to call for backup because Officer Allen did not have a radio. (Id. at 2-3.) Officer Allen also did not have "pepper spray, nightstick, electric tase-gun, partner, or anything else that could've been used as a tool to effectively protect himself – let alone [Plaintiff]." (Id. at 3.) Plaintiff was "punched, kicked in the face, and beaten mercilessly in the back of [his] head with a state-issued combination lock." (Id.) Plaintiff was taken by ambulance to the Medical College of Georgia in Augusta, where Plaintiff received four staples for his head injuries. (Id.)

Plaintiff states incidents "very similar to this [one] had already occurred a few times before." (Id.) Plaintiff states Defendants should have known the doors in the unit were faulty, creating a substantial risk he would be harmed, and yet failed to respond reasonably to protect him. (Id.) Plaintiff also states Officer Allen violated GDOC and ASMP policy by escorting Plaintiff alone and abandoning him during the attack. (Id. at 4.) As relief, Plaintiff seeks a declaratory judgment, $45,000 of compensatory damages from Defendant Allen, $50,000 of punitive damages against Defendants jointly and severally, and costs. (Id. at 6.)

## II.    DISCUSSION

### A.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding

3

them to a more lenient standard than those drafted by an attorney.  <u>Erickson v. Pardus</u>, 551 U.S.

89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, this liberal construction

does not mean that the Court has a duty to re-write the complaint.  <u>Snow v. DirecTV, Inc.</u>, 450

F.3d 1314, 1320 (11th Cir. 2006).

**B.  Plaintiff's Claim Should be Dismissed for Failure to Exhaust Administrative Remedies**

**1.  The Exhaustion Requirement of the Prison Litigation Reform Act ("PLRA")**

Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect

to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison or other correctional facility until such administrative remedies as

are available are exhausted."  42 U.S.C. § 1997e(a).  Dismissal for failure to state a claim is

appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust

administrative remedies.  <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007); <u>Bingham v. Thomas</u>,

654 F.3d 1171, 1175 (11th Cir. 2011); <u>Solliday v. Federal Officers</u>, 413 F. App'x 206, 208

(11th Cir. 2011); <u>Anderson v. Donald</u>, 261 F. App'x 254, 256 (11th Cir. 2008).  The PLRA's

mandatory exhaustion requirement "applies to all prisoners seeking redress for prison

circumstances or occurrences."  <u>Porter v. Nussle</u>, 534 U.S. 516, 520 (2002).  Moreover, the

Court does not have discretion to waive the requirement, even if it can be shown that the

grievance process is futile or inadequate.  <u>See</u> <u>Smith v. Terry</u>, 491 F. App'x 81, 83 (11th Cir.

2012); <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion."  <u>Woodford v. Ngo</u>, 548

U.S. 81, 93 (2006).  In order to properly exhaust his claims, a prisoner must "us[e] all steps"

4

in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

## 2. The Prison Grievance Procedure

Because the alleged incident took place on March 28, 2018, the administrative grievance procedure is governed by the version of the Georgia Department of Corrections' Standard Operating Procedure ("SOP") 227.02, which became effective on February 26, 2018. The administrative remedies procedure commences with the filing of a grievance with the inmate's counselor. SOP 227.02 § IV(C)(1)(c). The inmate's counselor forwards the grievance to the grievance coordinator, who must screen the grievance to determine whether to accept it or recommend the Warden reject it. Id. § IV(C)(1)(e)(i). The inmate has ten

calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the grievance.  Id. § IV(C)(1)(d).  The timeliness requirements of the administrative process may be waived upon a showing of good cause.  Id.  Should the grievance coordinator recommend rejection, the SOP requires the Warden give a response to the inmate's counselor to deliver to the inmate within forty calendar days of its original receipt; a onetime ten-calendar-day extension may be granted.  Id. § IV(C)(1)(g).

If the inmate is not satisfied with the Warden's response to the grievance or the time allowed for the decision to be delivered to the inmate has expired, he has seven calendar days from the receipt of the response to file an appeal to the Central Office of the Commissioner; the Office of the Commissioner or his designee has 120 calendar days after receipt of the grievance appeal to respond.  Id. § IV(C)(2).  The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office.  See id.

### 3.      Plaintiff's Failure to Exhaust

Here, Plaintiff did not exhaust the available administrative remedies prior to the commencement of this case, as is required under the PLRA, because the appeal of the formal grievance is pending.  (Doc. no. 10, pp. 4-5.)  In order to properly exhaust, Plaintiff must use all steps of the available exhaustion procedure.  Woodford, 548 U.S. at 93.  Additionally, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit.  Higginbottom, 223 F.3d at 1261.

It is plain from the face of the amended complaint Plaintiff failed to complete the entire grievance process prior to submitting both the initial and amended complaints as the

6

grievance appeal is still pending.  (Doc. no. 10, pp. 4-5.)  Plaintiff signed the initial complaint on May 14, 2018.  (Doc. no. 1, p. 15.)  In the May 25, 2018 amended complaint, Plaintiff alleges he appealed the partial denial of his grievance on May 15, 2018, immediately after receiving a late response from Warden Philbin.  (Doc. no. 10, pp. 4-5.) Plaintiff states he has not received a response regarding the appeal.  (Id. at 5.)

Because exhaustion is a precondition to filing an action in federal court, Plaintiff failed to exhaust by filing this action before he appealed his grievance and received a decision from the Central Office.  Furthermore, Plaintiff's argument that Warden Philbin's decision was untimely does not excuse Plaintiff's failure to exhaust the grievance process. Plaintiff was entitled to appeal the grievance to the Central Office as soon as the time allowed for the Warden to deliver a decision expired.  SOP 227.02 § IV(C)(2)(a).  Thus, regardless of whether Plaintiff filed his appeal immediately after the time frame expired or waited for the Warden's allegedly late response, as he did here, Plaintiff was required to wait for the Central Office's decision as to his grievance appeal prior to filing this action. Therefore, Plaintiff's amended complaint should be dismissed without prejudice for failure to exhaust administrative remedies.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice for failure to exhaust

administrative remedies and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of June, 2018, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA